IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:20-CR-72-KAC-HBG |
| JIMMY LEE JENKINS, ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Defendant's Motion to Continue Plea Deadline and Trial [Doc. 23], filed on February 22, 2021. The Defendant asks the Court to continue the February 19, 2021 plea deadline to March 5, 2021, and to continue the March 2, 2021 trial date thirty days. He contends that an extension of the plea deadline is necessary to permit counsel to meet with the Defendant on a change in the plea agreement. Defense counsel intends to visit the Defendant in the jail the week of February 22, 2021, health permitting. The motion relates that the Government does not oppose the requested continuance. The parties have conferred with Chambers and agreed on a new trial date of April 6, 2021.

The Court finds Defendant Jenkins's motion to continue the trial and plea deadline is unopposed by the Government and well-taken. The Court also finds that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Based upon the representations in the motion,

defense counsel needs a short extension of the plea deadline to March 5, to confer with the Defendant on a change to the plea agreement. The extension of the plea deadline requires a continuance of the March 2 trial date. If plea negotiations are not fruitful, defense counsel will need time to prepare the case for trial. Thus, the Court concludes that without a continuance, defense counsel would not have the reasonable time necessary to prepare for trial, even proceeding with due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

The motion to continue the trial and plea deadline [**Doc. 23**] is **GRANTED**. The trial of this case is reset to **April 6, 2021**. The Court finds that all the time between the filing of the motion on February 22, 2021, and the new trial date of April 6, 2021, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). The Court also sets a new schedule in this case, which is stated in detail below.

Accordingly, it is **ORDERED** as follows:

(1) The Defendant's Motion to Continue Plea Deadline and Trial [**Doc. 23**] is **GRANTED**;

(2) The trial of this matter is reset to commence on **April 6, 2021**, **at 10:00 a.m.**, before the Honorable Katherine A. Crytzer, United States District Judge;

(3) All time between the filing of the motion on **February 22, 2021**, and the new trial date of **April 6, 2021**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The new deadline for filing a plea agreement in the record and providing reciprocal discovery is **March 5, 2021**;

(5) If the parties want a final pretrial conference, they must contact Chambers three weeks before the trial date to schedule one;

(6) The deadline for filing motions *in limine* is **March 22, 2021**; and

2

(7) The parties shall file requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. on or before **March 26, 2021**.

**IT IS SO ORDERED.**

ENTER:

*Bruce Guyton*
United States Magistrate Judge